UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 21 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

TOMMY LEE STEVENS, )
)
)
Petitioner, )
)
v. ) Civil Action No. 14-279
)
THE UNITED STATES, )
)
Respondent. )

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus. The Court will grant the application and dismiss the petition.

According to the petitioner, he "is being attacked and constantly threaten[ed] by Federal and State Agencies of Government" which are conducting "some supposed research project" using the petitioner as a subject. Pet. at 1. The petitioner apparently made arrangements to "report criminal activity," *id.*, and is unable to do so because the Clerk of the United States Court of Federal Claims "is . . . interfering with plaintiff's line of communication with . . . Judge Lettow. . . by not delivering correspondence from [the petitioner] to the Judge." *Id.* at 1-2. "Now that the line of communication is broken," the petitioner claims that "Government Agents are getting very dangerous and attempts and threats are being made against [him] in order to

force[him] to stop pursuing criminal charges." *Id.* at 2. He demands "that all of his future submission(s) to . . . Judge Lettow be promptly sent to [his] chambers for review." *Id.*

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). This petitioner addresses none of these elements, and thus fails to meet his burden. Furthermore, this Court has no authority to direct the activities of the United States Court of Federal Claims and its staff. Rather, a challenge to a decision of the Court of Federal Claims must go before the United States Court of Appeals for the Federal Circuit. *See* 28 U.S.C. § 1295(a)(3).

The petition for a writ of mandamus will be denied. An Order accompanies this Memorandum Opinion.

DATE: January 31, 2014

United States District Judge